UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY COWART,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

Civil Action No. 08-14887

HON. R. STEVEN WHALEN
U.S. Magistrate Judge

**OPINION AND ORDER RE: ATTORNEY FEES**

This is a Social Security Disability case brought under 42 U.S.C. § 405(g). On March 30, 2010, this Court entered judgment in favor of the Plaintiff, remanding the case for further administrative proceedings pursuant to Sentence Four of § 405(g). Before the Court at this time is the Plaintiff's motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) [Doc. #20]. For the reasons discussed below, the Plaintiff's motion is GRANTED.[1]

## I.  STANDARD OF REVIEW

The Equal Access to Justice Act ("EAJA") is one of some 131 fee shifting statutes enacted by Congress. *See Coulter v. State of Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986). Specifically, 28 U.S.C. § 2412(d)(1)(A) provides, in pertinent part:

> "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses...incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States...unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust."

In the context of a Social Security case brought under 42 U.S.C. § 405(g), a plaintiff such as Ms. Cowart who wins a Sentence Four remand directing further administrative proceedings is a "prevailing party" within the meaning of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301-302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). Thus, the salient question in the present case is whether the position of the United States was "substantially justified." Under the EAJA, the government

---

[1] The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).

has the ultimate burden of showing that its position was substantially justified such as to support a denial of attorney fees. *United States v. 0.376 Acres of Land*, 838 F.2d 819, 829 (6th Cir. 1988); *United States v. True*, 250 F.3d 410, 419, fn. 7 (6th Cir. 2001). The resolution of that question is addressed to the district court's discretion. *Pierce v. Underwood*, 487 U.S. 552, 563, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).

In *Pierce v. Underwood*, 487 U.S. at 565, the Supreme Court defined the term "substantially justified" as "justified to a degree that could satisfy a reasonable person." However, in linking the term to a standard of reasonableness, the Court cautioned that "[t]o be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve." *Id.*, at 566.

## II. ANALYSIS

### A. Entitlement to Attorney Fees in the Present Case

Having won a Sentence Four remand, Ms. Cowart is a "prevailing party" within the meaning of the EAJA. The question is whether the government's position in this appeal was substantially justified.

In the Opinion and Order entered on March 30, 2010, this Court held that in finding the Plaintiff not disabled, the Administrative Law Judge ("ALJ") erred in three critical respects. First, his adverse credibility determination was flawed as a result of his overstatement of the Plaintiff's activities of daily living. *Opinion and Order*, p. 13. ("[T]he ALJ both overstated and gave undue weight to the Plaintiff's activities of daily living in making his credibility determination."). The Sixth Circuit has recognized this type of error since at least 1967. *See Walston v. Gardner,* 381 F.2d 580, 586 (6th Cir. 1967).

Secondly, the ALJ improperly discounted statements made by the Plaintiff's mother simply because of her familial relationship. This Court found as follows:

> "Ms. Sellers observed Plaintiff on a daily basis, and her remarks support a finding of disability. The ALJ erred in rejecting her credibility without any explanation other than a suggestion that, being Plaintiff's mother, she was biased. If that were the test, then why should the Commissioner even bother to solicit information from relatives?" *Opinion and Order*, p. 14.

-2-

Finally, there was an unexplained and possibly critical discrepancy between the number of existing jobs testified to by the VE, and the number found by the ALJ in his opinion. This Court found as follows:

> "The VE testified to potential work as an assembler (1,000 jobs in the regional economy), inspector (700), or counter clerk (inaudible) (Tr. 412). However, the ALJ found that *9,000* assembler jobs existed in the national economy (increasing the VE's numbers by a factor of 9), and *4,700* inspector jobs (increasing the VE's numbers by a factor of 6.7) (Tr. 21). There is no evidence in this record to support the ALJ's finding as to the number of existing jobs." *Opinion and Order*, pp. 14-15.

The ALJ's flawed credibility determination alone casts doubt on the Commissioner's argument that its position was substantially justified. *See Doud v. CSS*, 314 F.Supp.2d 680 (E.D. Mich. 2003) (ALJ's finding of claimant's lack of credibility not substantially justified where claimant's testimony was corroborated by medical opinions and testimony of family members). In combination, I find that the three errors defeat the Commissioner's substantial justification argument.

The Commissioner points to this Court's observation that "[t]o be sure, there is medical evidence in this record that might support a finding of non-disability." *Opinion and Order*, p. 15. That is beside the point, and to accept the Commissioner's reasoning would be inconsistent with the rule that a plaintiff who wins a Sentence Four remand is a "prevailing party," and thus entitled to EAJA fees, without regard to whether he or she ultimately prevails on remand. Whatever the outcome on remand, the ALJ's errors in the first hearing infected the decisional framework to the extent that no reasonable person could have confidence in his finding of non-disability.

The Court therefore finds that the Commissioner has not carried his burden of showing that his position was substantially justified, and therefore the Plaintiff is entitled to attorney fees under the EAJA.

### B.    Amount of Attorney Fees

Attorney's fees claimed under the EAJA must be reasonable. *Glass v. Secretary of HHS*, 822 F.2d 19, 21 (6th Cir. 1987). As the Supreme Court noted in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), "[t]he most useful starting point for determining the amount

of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." In *Glass*, 822 F.2d at 21, the Sixth Circuit, citing *Coulter v. State of Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986), recognized "that the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee."

Plaintiff's counsel, Kenneth Laritz, claims a total of 26.33 hours in attorney time. This is well within the norm for Social Security appeals. In *Glass*, the Sixth Circuit noted that "the experienced district judge is very likely correct that twenty to thirty hours may well be the norm for attorneys to handle most [Social Security] cases...." 822 F.2d at 20. Indeed, a review of counsel's time sheet shows that handled this fact-intensive case rather efficiently, consistent with his experience and expertise in this area of the law. The Commissioner quibbles with 70 minutes of attorney time claimed for what he characterizes as clerical tasks, such as ECF filing on five specific dates. However, the billings for November 21, December 3, and December 15, 2008, and March 2 and November 13, 2009 indicate that in addition to simply filing documents, counsel dictated and reviewed correspondence. The Court is satisfied that all hours Mr. Laritz claims were reasonably expended on behalf of his client.

As to the hourly rate, the statutory hourly maximum under 28 U.S.C. § 2412(d)(2)(A) is $125.00, "unless the court determines that an increase in the cost of living or a special factor,...justifies a higher fee." Mr. Laritz suggests an hourly rate of $173.00, based on his calculation of increases in the Consumer Price Index. While the Commissioner opposes an award of fees in general, he has not specifically contested this hourly rate. Given the effect of inflation since 1996, the Court finds that $173.00 per hour is a reasonable rate for work performed from November, 2008 to June, 2010.

Accordingly, is entitled to EAJA fees in the amount of $4,555.00 (26.33 hours x $173).[2]

### C.   Who Gets the Fees?

---

[2] The actual total is $4,555.09. Counsel has generously waived his claim to the extra nine cents.

-4-

In *Astrue v. Ratliff,* ––– U.S. ––––, 130 S.Ct. 2521, 2224, 177 L.Ed.2d 91 (2010), the Supreme Court held that EAJA attorney fees belong to the claimant, not to the claimant's attorney, and that the award of fees "is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." In *Ratliff*, the claimant in fact owed the Government a debt that predated the district court's approval of the EAJA award. However, the Court noted, albeit in dicta, that "the Government has...continued the direct payment [to attorneys] practice where the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." *Id.* at 2259.

Following *Ratliff*, a number of district courts have held that if there is an assignment of EAJA fees, and if there is no pre-existing debt to the Government, then fees should be paid directly to the attorney. *See Hilker v. Astrue,* 2010 WL 5553980, *1 (S.D.Ohio) (fees payable directly to counsel based on assignment because government failed to identify any preexisting debt); *Bates v. Commissioner of Social Sec.* 2011 WL 2149349, *3 (N.D. Ohio 2011) ("If Defendant determines Plaintiff does not owe a debt to the government, and there is a valid assignment of the fees, the Court sees no reason for the government not to honor the assignment and pay the fees directly to counsel"); *Walker v. Astrue*, 2011 WL 1297744, *2 (M.D.Ala. 2011) ("[P]ursuant to the assignment agreement between Plaintiff and counsel, attorney's fees may be made payable to Plaintiff's attorney, subject to any offset which may be applicable"). *But see Snyder v. Commissioner of Social Sec.* 2011 WL 66458, *3 (N.D. Ohio 2011) (court order payment directly to plaintiff, with instructions to "leave it to counsel to collect his fee from Plaintiff in accordance with their agreement").

In this case, there is a written assignment of any EAJA fees from Ms. Cowart to her attorney. As long she owes no pre-existing debt to the Government, there is nothing in *Ratliff* that would prevent this Court from honoring her assignment. Indeed, to do so would at least partially address Justice Sotomayor's concern, expressed in her concurring opinion in *Ratliff*, that the decision "will make it more difficult for the neediest litigants to find attorneys to represent them in cases against the Government." *Id.* at 2532 (concurring opinion of Sotomayor, J.).

-5-

The Commissioner has not indicated whether in fact Ms. Cowart owes money to the Government. I will therefore follow the common practice and give him the opportunity to determine whether there is a pre-existing debt that would offset the EAJA fees. *See Cutler v. Astrue* 2011 WL 901186, *1 (N.D.Ohio) (N.D.Ohio,2011) (fees payable directly to attorney "after the defendant has completed its customary investigation into any outstanding federal debts owed by the plaintiff"); *Taylor v. Astrue* , 2011 WL 1261138, *2 (N.D.Ill. 2011) ("After the award is entered, if the Government determines that plaintiff owes no such debts, the Government will direct that the fee award and expenses be made payable to plaintiff's attorney pursuant to the EAJA assignment signed by the parties"); *Bates, supra,* at *3 ("Courts...have been consistent in applying *Ratliff* for the proposition that any award—regardless to whom it is paid—is first subject to offset for any preexisting federal debt"). If there is not, then the EAJA fees will be paid directly to the Plaintiff's attorney.

### III.   CONCLUSION

Accordingly, Plaintiff's motion for attorney fees in the amount of $4,555.00 is GRANTED. No later than 14 days from the date of this Opinion and Order, the Commissioner will determine whether the Plaintiff owes the Government a pre-existing debt. If no such debt is owed, then payment of the EAJA fees will be made directly to Plaintiff's attorney. If the Plaintiff does owe a pre-existing debt, the EAJA fees will be offset by the amount of the debt, with any remainder to be paid to Plaintiff's attorney.

IT IS SO ORDERED.

                                              s/R. Steven Whalen
                                              R. STEVEN WHALEN
                                              UNITED STATES MAGISTRATE JUDGE

Date: June 14, 2011
_____

#### CERTIFICATE OF SERVICE

I hereby certify on June 14, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 14, 2011: **None.**

                                              s/Michael E. Lang
                                              Deputy Clerk to
                                              Magistrate Judge R. Steven Whalen
                                              (313) 234-5217